1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

11  JASON SCHEIDING,                        1:16-cv-00164-DAD-BAM (PC)

12              Plaintiff,                   ORDER DISMISSING COMPLAINT WITH
                                            LEAVE TO AMEND
13       v.
                                            (ECF No. 1)
14  DAVID SMITH, et al.,
                                            THIRTY DAY DEADLINE
15              Defendants.

16

17          Plaintiff Jason Scheiding ("Plaintiff") is a state prisoner proceeding pro se in a civil rights

18  action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in the District Court for the

19  Northern District of California on January 27, 2016. (ECF No. 1.) The action was transferred to

20  this Court on February 4, 2016. (ECF No. 6.) Plaintiff's complaint, filed on January 27, 2016 is

21  currently before the Court for screening.  (Doc. 1).

22       I.      **Screening Requirement and Standard**

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

25  1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

26  malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

27  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

28  § 1915(e)(2)(B)(ii).

                                            1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

II.      **Summary of Plaintiff's Allegations**

Plaintiff is currently housed at La Palm Correctional center in Eloy, Arizona. The events at issue in the complaint are alleged to have taken place at California Substance Abuse Treatment Facility and State Prison (SATF) at Corcoran. Plaintiff names as defendants: David Smith, medical doctor, and Warden Adams.

Plaintiff alleges:  In October 2014, his wrist was injured in a cell altercation and he had wrist pain. He was able to move his wrist and exercise. He complained about the pain and was given xrays, which showed that both wrists were fractured. Plaintiff was seen by Dr. Smith. Dr. Smith told Plaintiff that the only way to get rid of the pain was to remove the bones. Ultimately, Plaintiff decided to have the surgery on his left wrist. It took a month to get the surgery and the surgery was a failure. Plaintiff alleges that he cannot use his wrist and he suffers from pain. Plaintiff alleges that he was better off before the surgery. His job duties have to be limited because of his wrist. Plaintiff alleges that Dr. Smith botched the surgery and never took the time

to see if other problems existed.  Plaintiff asks for corrective surgical measures, compensatory damages, and an injunction to have the facility institute a comprehensive pain management program for him.

III.   **Discussion**

A.   **Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is short, but fails to set forth the necessary facts to state a claim that is plausible on its face.  Plaintiff alleges what Dr. Smith did, but Plaintiff fails to describe specific actions taken by the defendant Adam which violated his constitutional rights.[1]

B.   **Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

---

[1] Plaintiff has attached numerous exhibits to his complaint.  Plaintiff's reference to his attached exhibits is not sufficient.  The Court will not sift through the exhibits in an attempt to identify a cognizable claim.

of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Warden Davis to any cognizable constitutional violation.

**C.  Medical  Deliberate Indifference**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105- 06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate

4

indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The Court finds that Plaintiff has failed to state a cognizable claim against Defendant Smith for deliberate indifference to serious medical needs. Plaintiff alleges that Dr. Smith examined his wrists, recommended a course of action which Plaintiff took and that the surgery was not successful. At best, Plaintiff has alleged negligence with respect to Dr. Smith's treatment of Plaintiff's wrists. Mere negligence, even gross negligence, however, is not sufficient to state a claim for violation of Plaintiff's constitutional rights. See Broughton, 622 F.2d 460; Estelle, 429 U.S. at 105-06. Any errors in the recommended treatment and/or medical determinations, do not amount to a claim of deliberate indifference. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (an Eighth Amendment claim may not be premised on even gross negligence by a physician).

**D. Supervisory Liability**

Insofar as Plaintiff brings suit against Defendant Warden Adams based on his supervisory role, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Adams either was personally involved in the alleged constitutional violations or instituted a deficient policy.

### E.  Declaratory Relief and Injunctive Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

Further, Plaintiff is now housed at the La Palma Correctional Center, and is no longer incarcerated at CSATF. As a result, his claim for injunctive relief against the medical staff or officials employed at CSATF is moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

### IV.   Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

*Iqbal*, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.  Plaintiff's complaint, filed January 27, 2016, is dismissed for failure to state a claim;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint or a notice of voluntary dismissal; and

4.  **If Plaintiff fails to file a amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   __November 16, 2016__          ____/s/ *Barbara A. McAuliffe*____
                                        UNITED STATES MAGISTRATE JUDGE

7